IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DARIUS JACKSON                                                                          PETITIONER

v.                                    NO. 5:10CV00255 SWW/HDY

RAY HOBBS, Director of the                                                         RESPONDENT
Arkansas Department of Correction

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge Susan Webber Wright.  Any party may serve and file written objections to these findings and recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

RECOMMENDATION

STATE COURT PROCEEDINGS. The record reflects that in October of 2007, petitioner Darius Jackson ("Jackson") was tried and convicted in Pulaski County, Arkansas, Circuit Court of capital murder in the death of his girlfriend's two year old daughter.[1] He was sentenced to life in prison without the possibility of parole in the custody of respondent Ray Hobbs ("Hobbs").

Jackson appealed his conviction to the Arkansas Supreme Court. On appeal, he raised the following three claims: "(1) the evidence was insufficient to support his conviction for capital murder, (2) the circuit court erred in failing to grant a continuance after an expert witness allegedly changed his testimony, and (3) the circuit court erred by allowing an interference with jury deliberations." See Jackson v. State, 2009 Ark. 336, 321 S.W.3d 260, 262 (2009). The state Supreme Court found no reversible error and affirmed Jackson's conviction.

Although the State of Arkansas provides a means for collaterally attacking a conviction, see Ark. R. Crim. P. 37, Jackson acknowledges that he never pursued that opportunity. He maintains it was because his attorney delayed in notifying him that his conviction had been affirmed.

---

[1] The events giving rise to Jackson being charged and convicted of capital murder are lengthy. See Jackson v. State, 2009 Ark. 336, 321 S.W.3d 260, 262-264 (2009). For that reason, they will not be reproduced in full in this recommendation.

FEDERAL COURT PROCEEDINGS. In August of 2010, Jackson commenced this proceeding by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. He appeared to raise the following five claims in his petition: 1) the evidence was insufficient to support his conviction of capital murder; 2) he was denied due process when the circuit court violated Ark. Code Ann. 16-89-125(e) by the manner in which it allowed testimony to be replayed to the jury; 3) the state Supreme Court misstated, misinterpreted, or otherwise overlooked his arguments on his claim that the circuit court violated Ark. Code Ann. 16-89-125(e); 4) his right to counsel at a critical stage of the criminal proceeding was violated when his attorney was not present when testimony was replayed to the jury; and 5) his attorney was ineffective because counsel did not obtain testimony to rebut the medical examiner's testimony.

Hobbs filed a response to the petition. He maintained that it should be dismissed because the claims contained in it were reasonably adjudicated by the state Supreme Court, are non-cognizable, or are procedurally barred from federal court review.

Jackson filed a reply to Hobbs' response. In that submission, Jackson re-argued several of his claims and additionally maintained that a fundamental miscarriage of justice occurred in that he is actually innocent of the crime for which he was convicted.

The undersigned has now thoroughly examined the parties' pleadings and exhibits. On the basis of that examination, the undersigned finds that Jackson's petition should be dismissed and all requested relief denied.

SUFFICIENCY OF THE EVIDENCE. Jackson first maintains that the evidence was insufficient to support his conviction. He maintains that the evidence was merely circumstantial and rested primarily upon the medical examiner's questionable testimony.

Jackson raised a factually identical claim on appeal, and the state Supreme Court considered the claim on the merits.[2] The state Supreme Court outlined the evidence and indeed found it to be circumstantial and conflicting. The state Supreme Court found that "[a]fter reviewing the evidence in the light most favorable to the State, we cannot say that the evidence was insufficient ..." See Jackson v. State, 321 S.W.3d at 264.

The disposition of this claim is governed by 28 U.S.C. 2254(d), which requires a two-part inquiry.[3] First, it requires an inquiry into whether the state court's adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. Second, it requires an inquiry into whether the state court's adjudication of the claim resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.

---

[2] The state Supreme Court's treatment of the claim is lengthy. See Jackson v. State, 321 S.W.3d at 262-265. For that reason, it will not be re-produced in full in this recommendation.

[3] The undersigned has some question whether the same legal theory supports Jackson's sufficiency of the evidence claim before the state Supreme Court and the sufficiency of the evidence claim at bar. The former claim was grounded solely in state law, see Document 14, Exhibit 2 at 5-10, and Jackson v. State, 321 S.W.3d at 264-265, and the latter claim is grounded solely in federal law. Because Hobbs has apparently elected to waive any objection to now entertaining a challenge to the sufficiency of the evidence, the undersigned will not consider the question sua sponte.

The undersigned finds that the state Supreme Court's adjudication of the claim did not result in a decision that is contrary to, or involved an unreasonable application of, clearly established federal law. Admittedly, the state Supreme Court did not cite federal law. That failure is not problematic as neither the court's reasoning nor result contradict federal law.[4] What is the federal law? It is whether, "after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." See <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979) [emphasis in original]. The state Supreme Court's decision is consistent with, and a reasonable application of, <u>Jackson v. Virginia</u> as the court used a substantially similar standard in reviewing Jackson's claim.[5]

---

[4] "A reasonable application of established federal law does not require citation of [United States Supreme Court] cases-indeed, it does not even require <u>awareness</u> of [these] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." See <u>Cox v. Burger</u>, 398 F.3d 1025, 1030 (8th Cir. 2005) [internal quotations and citations omitted; emphasis in original].

[5] In reviewing Jackson's claim, the state Supreme Court used the following standard:

"... In reviewing a challenge to the sufficiency of the evidence, we view the evidence in a light most favorable to the State and consider only the evidence that supports the verdict. ... We affirm a conviction if substantial evidence exists to support it. ... Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. ...

"Furthermore, circumstantial evidence may provide a basis to support a conviction, but it must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. ... Whether the evidence excludes every other hypothesis is left to the jury to decide. ... The credibility of witnesses is an issue for the jury and not the court. ... The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. ..."

See <u>Jackson v. State</u>, 321 S.W.3d at 264.

Jackson has also not shown that the adjudication of the claim by the state Supreme Court resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. Without question, the evidence was circumstantial and conflicting. For instance, "Jackson's defense at trial was that he had accidentally fallen over a clothes basket while carrying [the victim] and landed on top of her." See Jackson v. State, 321 S.W.3d at 264. The medical examiner testified, however, that the victim's injuries were not consistent with such a scenario but were instead consistent with massive pressure being placed on the victim's abdomen. It was for the jury to resolve the conflicts, and this jury could and undoubtedly did rely upon the circumstantial evidence, including the medical examiner's testimony as to type and possible cause of the victim's wounds, to convict Jackson.

The undersigned finds that 28 U.S.C. 2254(d) controls the disposition of Jackson's challenge to the sufficiency of the evidence. The paragraph compels the conclusion that the claim warrants no relief as the state Supreme Court made a reasonable adjudication of it.

REPLAYED TESTIMONY. Jackson next maintains that he was denied due process when the circuit court violated Ark. Code Ann. 16-89-125(e). He maintains that the circuit court permitted the court reporter to replay the medical examiner's testimony to the jury outside the presence of all others in violation of Ark. Code Ann. 16-89-125(e), thereby rendering Jackson's trial fundamentally unfair.

Jackson raised a factually identical claim on appeal, and the state Supreme Court considered it on the merits.[6] The state Supreme Court found that "Jackson failed to demonstrate prejudice by the replaying of evidence previously admitted into evidence during trial or by the mere presence of the court reporter." See Jackson v. State, 321 S.W.3d at 268. The state Supreme Court so found because "there [was] no dispute that the information played back to the jury had already been admitted into evidence" and "[t]he court reporter was simply present to operate the equipment needed to replay the information." See Jackson v. State, 321 S.W.3d at 268.

Although the replayed testimony claim raised by Jackson before the state Supreme Court and the replayed testimony claim at bar are factually identical, are they also legally identical, that is, do the same legal theories support both claims? The undersigned thinks not.

---

[6]

The state Supreme Court's treatment of the claim is lengthy. See Jackson v. State, 321 S.W.3d at 267-268. For that reason, it will not be re-produced in full in this recommendation. It is sufficient to simply note the following facts:

"During jury deliberations in the instant case, the jury requested to hear the two audio-taped statements of Jackson and to hear a replay of some of the testimony from trial. The circuit court allowed Jackson's recorded statements to go back with the jury. Further, over Jackson's objection, the circuit court allowed the court reporter to replay the taped testimony of Dr. Peretti [i.e., the medical examiner] for the jury. It was necessary to have the court reporter present because the recording of Dr. Peretti's testimony was accomplished by a "WAV" file on the court reporter's computer. The jury was brought into the courtroom and instructed that they were not to speak or otherwise communicate during the replaying of the testimony, other than the jury foreman who was permitted to tell the court reporter when to adjust the volume or to stop, rewind, or play the testimony. The court reporter was sworn and the courtroom was cleared of everyone except the court reporter and the jurors. The court reporter played the testimony of Dr. Peretti for the jury and, after the testimony was replayed, the jurors returned to the jury room."

See Id. at 267.

The undersigned begins by quoting liberally from a decision by United States District Judge J. Leon Holmes, who, in adopting the findings of United States Magistrate Judge John F. Forster, Jr., found the following:

> ... A federal district court ... is ordinarily precluded from considering any claim that a petitioner has failed to "fairly present" to the appropriate state appellate court. Baldwin v. Reese, 541 U.S. 27, 29, ... (2004) ... "A claim has been fairly presented when a petitioner has properly raised the 'same factual grounds and legal theories' in the state courts which he is attempting to raise in his federal habeas petition." Wemark, 322 F.3d at 1021 ... A habeas petitioner, in order to preserve a claim for federal habeas review, must alert the appropriate state appellate court to "the federal nature" of his claim in his brief on appeal. Baldwin v. Reese, 541 U.S. at 29-32 ...; Adams v. Robertson, 520 U.S. 83, 89 n.3 ... (1997) ("passing invocations of 'due process' [that] fail to cite the Federal Constitution or any cases relying on the Fourteenth Amendment ... [do] not meet our minimal requirement that it must be clear that a federal claim was presented"); Jones v. Jerrison, 20 F.3d 849, 854 (8th Cir.1994) ("The federal legal theory or theories must plainly appear on the face of the petitioner's state court briefs"); McDougald v. Lockhart, 942 F.2d 508, 510 (8th Cir.1991) ("Explicit citation to the Constitution or to a federal case is necessary for fair presentation of a constitutional claim in state court"); Thomas v. Wyrick, 622 F.2d 411, 413 (8th Cir.1980) (holding that petitioner failed to present his federal claim to the state courts because his state-court brief did not cite any provision of the Federal Constitution or any federal case); Morris v. Norris, 83 F.3d 268, 269 (8th Cir.1996) ( "habeas petitioners must have explicitly cited to the United States Constitution or federal case law in their direct appeal to preserve federal review"). See also Duncan v. Henry, 513 U.S. 364, 366 ... (1995) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court").

See Fudge v. Norris, 2008 WL 450385 at 9-10 (E.D.Ark. 2008) (Holmes, J.).

The legal theory advanced by Jackson in connection with his replayed testimony claim before the state Supreme Court involved an alleged violation of Ark. Code Ann. 16-89-125(e). It is true that he cited federal law in his appellate brief, i.e., United States v. Olano, 507 U.S. 725 (1993), but he did not offer the citation in connection with a due process challenge; instead, he offered the citation on the question of prejudice. His brief contains no other citation to federal law. See Document 14, Exhibit 2.

The legal theory advanced by Jackson in connection with the replayed testimony claim at bar is different. He maintains that the circuit court's actions violated his right to due process, which requires a showing that the error was so gross, conspicuously prejudicial, or of such magnitude that it fatally infected the trial and failed to afford him fundamental fairness. See Maggitt v. Wyrick, 533 F.2d 383 (8th Cir. 1976).

The undersigned finds that the replayed testimony claim Jackson raised before the state Supreme Court and the claim at bar are grounded in different legal theories. It is true that a dissenting Justice concluded that Jackson's right to due process was violated by the manner in which the testimony was replayed.[7] His analysis, though, was grounded solely in state law, see Jackson v. State, 321 S.W.3d at 269-270, and his conclusion was not a part of the state Supreme Court's decision as he offered his conclusion in dissent.

---

[7] In dissenting, the Justice concluded the following: "Because the procedure used in this case clearly violates the statutorily mandated procedure and because Jackson's due-process rights under the United States Constitution and Arkansas Constitution were violated, this case should be reversed and remanded." See Jackson v. State, 321 S.W.3d at 270.

Because Jackson's replayed testimony claim before the state Supreme Court is legally different than the claim at bar, it cannot be said that he fairly presented the claim at bar to the state courts of Arkansas. He is deemed to have procedurally defaulted the claim, and it cannot now be considered unless he can show cause for his default.[8]

Jackson offers as cause for his procedural default his attorney's ineffectiveness, specifically, that counsel failed to couch the replayed testimony claim before the state Supreme Court as a violation of due process. Although ineffective assistance of counsel can serve as cause for a procedural default, the assertion must first be presented to the state courts as an independent claim. See Leggins v. Lockhart, 822 F.2d 764 (8th Cir. 1987). Jackson never presented a claim of ineffective assistance of counsel to the state courts of Arkansas. Although he blames his attorney for that failure, i.e., his attorney delayed in notifying him that his conviction had been affirmed and prevented him from pursuing post-conviction relief, he made no effort whatsoever to pursue post-conviction relief once he learned that his conviction had been affirmed. Thus, his assertion of ineffective assistance of counsel cannot serve as cause for his procedural default.

---

[8] With respect to cause, the United States Supreme Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." See Smith v. Murray, 477 U.S. 527, 533-34 (1986). One can discern from other decisions, though, instances in which cause might be found; those instance include the following: where some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rules, see Murray v. Carrier, 477 U.S. 478 (1986); where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, see Reed v. Ross, 468 U.S. 1 (1984); or, if effective assistance of counsel was not afforded, see Murray v. Carrier, 477 U.S. at 488. There is also one extraordinary circumstance where a federal court may grant relief without a showing of cause: where a constitutional violation has probably resulted in the conviction of one who is actually innocent. See Id. at 496.

Jackson also maintains that a fundamental miscarriage of justice occurred in that he is actually innocent of the crime for which he was convicted. Although not true cause for a procedural default, a showing of actual innocence can serve as a "gateway" through which a petitioner can obtain federal court review of an otherwise barred claim. See Schlup v. Delo, 513 U.S. 298 (1995). Jackson has not made the required showing as he has not come forward with "new evidence of factual innocence." See Niederstadt v. Nixon, 505 F.3d 832, 840 (8th Cir. 2007) (Colloton, J., concurring).[9] Thus, he cannot use the Schlup v. Delo "gateway" to obtain judicial review of his replayed testimony claim.

The undersigned finds that Jackson did not fairly present his replayed testimony claim to the state courts of Arkansas and has procedurally defaulted the claim. Because he cannot show cause for his procedural default, the claim is procedurally barred from federal court review.[10]

---

[9] Jackson appears to maintain that an unidentified medical examiner would offer evidence to contradict the testimony given by the medical examiner who testified at Jackson's trial. Even were the unidentified medical examiner to so testify, it would ultimately be for the jury to resolve any conflicting testimony.

[10] Even were the undersigned to find otherwise, there is some question whether Jackson would prevail on the claim. The state Supreme Court specifically found that "the information played back to the jury had already been admitted into evidence" and "[t]he court reporter was simply present to operate the equipment needed to replay the information." See Jackson v. State, 321 S.W.3d at 268. Although Jackson appears to strenuously disagree with those findings of fact, they are presumed correct unless he can rebut the presumption by "clear and convincing evidence." See 28 U.S.C. 2254(e)(1). There is nothing to suggest that he could do so. Given those findings of fact, it is questionable whether he could show that replaying the medical examiner's testimony to the jury, and the procedure used by the circuit court to do so, was so gross, conspicuously prejudicial, or of such magnitude that it fatally infected the trial and failed to afford him fundamental fairness.

MISCHARACTERIZATION OF ARGUMENTS ON APPEAL. Jackson next maintains that the state Supreme Court misstated, misinterpreted, or otherwise overlooked his arguments on his claim that the circuit court violated <u>Ark</u>. <u>Code</u> <u>Ann</u>. 16-89-125(e). He maintains, in part, that he never conceded the court reporter only replayed evidence that had already been admitted into evidence.

There are at least two problems with Jackson's claim. First, even if true, it does not appear to warrant relief. The undersigned knows of no support for the proposition that a state appellate court's mischaracterization of a claim on direct appeal gives rise to a cognizable claim in a habeas corpus petition. Second, Jackson never fairly presented the claim to the state courts of Arkansas, and he cannot show cause for his procedural default.[11] The claim is therefore procedurally barred from federal court review.

ABSENCE AT A CRITICAL STAGE AND INEFFECTIVE ASSISTANCE OF COUNSEL. Jackson's last two claims involve his right to counsel and counsel's performance at trial. He maintains that his right to counsel at a critical stage of the criminal proceeding was violated when his attorney was not present when testimony was replayed to the jury. He additionally maintains that his attorney was ineffective because counsel did not obtain testimony to rebut the medical examiner's testimony.

---

[11] The same procedural default/fundamental miscarriage of justice analysis applies to both Jackson's replayed testimony claim and his claim of a mischaracterization of his arguments on appeal. That analysis will not be repeated.

The problem with both claims is that Jackson did not fairly present them to the state courts of Arkansas. Specifically, he did not raise them on direct appeal nor in a petition for post-conviction relief. He is deemed to have procedurally defaulted the claims, and they cannot now be considered unless he can show cause for his default. As the undersigned noted above, Jackson cannot show cause for his procedural default nor can he show that a fundamental miscarriage of justice has occurred. The claims are therefore procedurally barred from federal court review.

RECOMMENDATION. For the foregoing reasons, the undersigned recommends that Jackson's petition be dismissed and all requested relief denied. A certificate of appealability should be denied in accordance with Rule 11(a) of the Rules Governing Section 2254 Cases In The United States District Courts, and judgment should be entered for Hobbs.

DATED THIS __3__ day of February, 2011.

_____
UNITED STATES MAGISTRATE JUDGE